## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 1:12-CV-1352-ODE |
| vs. | ) | |
| | ) | |
| ERIC H. HOLDER, JR., Attorney | ) | |
| General of the United States; *et al*. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## FEDERAL DEFENDANTS' REPLY
## IN SUPPORT OF THEIR MOTION TO DISMISS

Plaintiff's opposition demonstrates neither her standing nor that she states a claim. Rather than counter Federal Defendants' dispositive arguments in their motion pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Plaintiff alleges facts and pursues legal arguments not contained in the Complaint. This Court accordingly should dismiss the Complaint because it fails to establish the Court's jurisdiction or to show that Plaintiff states a claim upon which the Court can grant Plaintiff's requested relief.

## I. Plaintiff Lacks Standing for Injunctive Relief and This Court Thus Lacks Jurisdiction

Plaintiff does not contest that the decision in <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102-05 (1983), establishes the standard for determining whether a movant for injunctive relief demonstrates standing.  Opp'n at 10-11.  In addressing standing and how Plaintiff purportedly meets the <u>Lyons</u> standard, however, Plaintiff's argument fails because it glosses over Federal Defendants' arguments against standing and misrepresents allegations in the Complaint.

Plaintiff's threat of future injury is not real or immediate.  As an initial matter, Plaintiff makes no allegation of injury – or even any *visits* she has made to the Atlanta Immigration Court where Immigration Judge Cassidy sits – since April 19, 2010, the date of the most recent of two incidents described in the Complaint.[1] She thus cannot point to more recent, arguably actionable conduct supporting her claim that threatened injury is real and immediate and warrants the injunctive relief she seeks.

---

[1]  Plaintiff hints at a claim that Federal Defendants have engaged in a pattern or practice of unconstitutional behavior.  Opp'n at 7.  The Court should disregard any such claim given that the Complaint refers only to events that allegedly occurred on two days, one of which is not actionable under <u>Bivens</u> given the applicable two-year statute of limitations.  Fed Dfs' Motion at 4 n.2.  Even if both days are considered, however, two events do not constitute a pattern.

Further, Plaintiff makes no argument that she meets the standard that must be applied here given the <u>Lyons</u> holding – a showing that there exists a real and immediate threat that she will have another encounter with immigration court personnel and either (1) all immigration court personnel always conduct proceedings in a manner that is  alleged in the Complaint and that thus violates the constitutional rights of every member of the public they encounter; or (2) the Government ordered or authorized all immigration court personnel to always violate the constitutional rights of every member of the public they encounter in the manner alleged in the Complaint.  <u>See</u> Fed Dfs' Motion at 10.  That the Opposition omits either citation to this uncontested standard outlined in Federal Defendants' motion or discussion of how Plaintiff meets this standard belies any argument that Plaintiff has standing here.

Finally, Plaintiff aims to establish standing by misrepresenting allegations in the Complaint.  Opp'n at 11.  Without citation to the Complaint, Plaintiff argues "Of course, such an order [by Immigration Judge Cassidy to immigration court staff to always act unconstitutionally by ensuring Plaintiff cannot access the immigration court] is precisely what is at issue in the present case.  Judge Cassidy has ordered the Plaintiff 'banned.'  He has ordered her to be 'removed.'" <u>Id</u>.  The

Complaint, however, makes no allegation that Immigration Judge Cassidy has issued this type of blanket order barring Plaintiff from immigration court or authorizing immigration court personnel to act unconstitutionally in interacting with Plaintiff.  As they are not part of the Complaint, these new allegations are not properly before the Court for its consideration. See Bruhl v. Price Waterhouse Coopers International, No. 03-23044, 2007 WL 997362, at *4 (S.D. Fla. Mar. 27, 2007(plaintiff may not supplant allegations made in the complaint with new allegations raised in response to a motion to dismiss); see also Walker v. City of Orlando, No. 07-651, 2007 WL 1839431, at *5(M.D. Fla. June 26, 2007)(limiting consideration to the allegations contained in the complaint, even when new allegations were raised in response to Motion to Dismiss).  Accordingly, the Court should not consider these newly raised allegations raised as a basis from which Plaintiff can argue standing.

**II.  Plaintiff Fails to State a Claim for Injunctive Relief**

    **A.  Plaintiff does not meet the standard for showing entitlement to injunctive relief**

        **1.  Plaintiff does not show she is likely to succeed on the merits.**

           *(i)  Bivens claims against Judge Cassidy are unlikely to succeed on the merits*

4

Regarding her *Bivens* claims against Judge Cassidy in his individual capacity, Plaintiff responds that absolute immunity does not apply to Judge Cassidy.[2]  Opp'n at 29-33.  Federal Defendants cited to <u>Butz v. Economou</u>, 438 U.S. 478, 514-15 (1978) for the proposition that controlling precedent has previously addressed this issue and has applied absolute immunity to administrative adjudicators such as Judge Cassidy when they are performing adjudicatory functions.  <u>See</u> Fed Dfs' Motion at 31.  Plaintiff counters that <u>Butz</u> and other cases applying absolute immunity to the actions of administrative law judges do not extend immunity to circumstances in which the complainant is a non-party to the matter over which the judge presided at the time the alleged action occurred.[3]  <u>Id.</u> at 30-31.  This argument lacks merit and disregards the plain

---

[2]  Federal Defendants also argued for the application of qualified immunity to protect Judge Cassidy from liability given the diverging Circuit positions in <u>North Jersey Media Group, Inc. v. Ashcroft</u>, 308 F.3d 198 (3d Cir. 2002) and <u>Detroit Free Press v. Ashcroft</u>, 303 F.3d 681 (6th Cir. 2002).  <u>See</u> Fed Dfs' Motion at 30 n.7.  Plaintiff provides no substantive argument in response, and Federal Defendants thus devote no further briefing on this point.

[3]  A second basis on which Plaintiff argues against the application of absolute immunity is that "[g]overnment actors who seek absolute immunity 'bear the burden of showing that public policy requires an exemption of [such scope as that of absolute immunity].'"  Fed Dfs' Motion at 32 (citing <u>Butz</u>, 438 U.S. at 506).  This argument is a red herring, however, as it fundamentally misunderstands the case law to which it cites.  Federal Defendants do not dispute <u>Butz's</u> holding

5

language in Butz supporting Federal Defendants' argument that absolute immunity

applies here:

> In light of these safeguards, we think that the risk of an
> unconstitutional act by one presiding at an agency hearing is clearly
> outweighed by the importance of preserving the independent
> judgment of these men and women.  We therefore hold that persons
> subject to these restraints and performing adjudicatory functions
> within a federal agency are entitled to absolute immunity from
> damages liability for their judicial acts.  Those who complain of error
> in such proceedings must seek agency or judicial review.

Butz, 438 U.S. at 514.  This pronouncement of absolute immunity is unqualified.

This district has previously applied the doctrine of absolute immunity to the

conduct of Immigration Judges.  See Alyshah v. Hunter, No. 1:06-cv-0391-TWT,

2006 WL 2644910 (N.D. Ga. September 13, 2006).  Contrary to Plaintiff's

argument, the Supreme Court's application of absolute immunity to the actions of

---

that some government actors must substantiate their immunity claims with a showing that public policy warrants the application of immunity.  See Butz, 438 U.S. at 506.  The Butz Court here referred to *qualified* immunity for "federal executive officials."  Id.  Plaintiff fails to apprehend, however, the Butz Court's subsequent pronouncement affirming unequivocally that absolute immunity applies to certain *other* government officials.  Id. at 508 ("Although a qualified immunity from damages liability should be the general rule for executive officials charged with constitutional violations, our decisions recognize that there are some officials whose special functions require a full exemption from liability.")  It is this pronouncement by the Butz Court, which Plaintiff seems to have missed and upon which Federal Defendants rely, that merits this Court's application of absolute immunity to shield Judge Cassidy from liability here.

6

immigration law judges, like Judge Cassidy here, does not stop when the

complainant was not a party to the matter over which the judge presided at the

time the alleged action occurred.  The Supreme Court's application of absolute

immunity to circumstances such as those present here, where Judge Cassidy

excluded a party from his courtroom pursuant to his authority under regulations at

8 C.F.R. §§ 1003.27 and 1208.6,[4] is just what it says – *unqualified* and *absolute*.

See id.  Given the Supreme Court's holding and the applicability of these

regulations to the circumstances Plaintiff complains about,[5] Plaintiff's claims

---

[4]  While Plaintiff mentions 8 C.F.R. § 1003.27, she offers no substantive response, see Fed Dfs' Motion at 14-16, to Federal Defendants' arguments on the application of 8 C.F.R. §§ 1003.27 and 1208.6 to justify Judge Cassidy's decision to close the hearing on April 19, 2010, and to ask Plaintiff to leave his courtroom on this basis.  Opp'n at 15-16, 18.  At most, Plaintiff underscores that removal hearings are presumptively open to the public pursuant to 8 C.F.R. § 1003.27.  Id. at 16.  Federal Defendants noted this presumption in their motion.  Fed Dfs' Motion at 14.  Federal Defendants also argued in their motion, however, that regulations – and case law – provide that this presumption is rebuttable in that removal hearings may be closed to the public under certain conditions pursuant to regulation, and that conditions at the hearing Plaintiff attended on April 19, 2010, warranted such closing.  Id. at 14-21.

[5]  Plaintiff tangentially argues – without citation to 8 C.F.R. §§ 1003.27 and 1208.6 – that "regulations permitting closure of deportation hearings to the press" are facially unconstitutional.  Opp'n at 18, 26-28.  To the extent that Plaintiff affirmatively attempts to challenge these regulations as facially unconstitutional, this challenge must fail given that, similar to other new challenges included in Plaintiff's opposition brief but not included in the Complaint, such challenges are

against Judge Cassidy are unlikely to succeed on the merits, and Plaintiff fails to show otherwise.[6]  Allegations in the Complaint regarding Judge Cassidy accordingly should be dismissed for failure to state a claim.

*(ii)  First Amendment claims are unlikely to succeed on the merits*

Plaintiff cannot show she is likely to succeed on the merits of her First Amendment claims, and her request for injunctive relief regarding alleged First Amendment violations warrants dismissal on this basis.  Plaintiff primarily relies on the regulation at 8 C.F.R. § 1003.27 and on Detroit Free Press, 303 F.3d 681, for her position that immigration judges may not close "routine, non-national security hearings" or "control the movement of court observers."  See Opp'n at 15.

---

not properly before this Court and should not be considered.

[6]  Plaintiff also argues that, even if Judge Cassidy did not act unconstitutionally by ordering Plaintiff from his courtroom on April 19, 2010, he nonetheless acted unconstitutionally by ordering her removal from the building. Opp'n at 8 n.8.  Conspicuously void in the Complaint, however, is any allegation that Plaintiff herself actually *heard* Judge Cassidy order her removal from the building.  Rather, the Complaint merely alleges *Paragon Defendants* vaguely understood "[t]he judge" to have ordered Plaintiff's removal from the building. Compl. ¶ 65.  To be sure, the Complaint at other points makes allegations that actually support the argument that Judge Cassidy only asked Plaintiff to leave *his courtroom.  Id.* ¶ 57.

Yet, Plaintiff's argument on this point tells only half the story and fails on two bases.  First, as mentioned in section "*(ii)*" above, Plaintiff omits any discussion of 8 C.F.R. § 1208.6, suitably titled "Disclosure to third parties," and any *substantive* discussion of 8 C.F.R. § 1003.27 – both of which should be read in concert for a full understanding of what information and which sorts of parties immigration judges are required to protect.  Second, Plaintiff's argument as to case law gives short shrift to N. Jersey Media Group, Inc., 308 F.3d 198, which counters Detroit Free Press by holding there *is not* a First Amendment right of access to removal hearings.  Compare Detroit Free Press, 303 F.3d at 683, 695, with N. Jersey Media Group, Inc., 308 F.3d at 201.  Plaintiff faults N. Jersey Media Group, Inc. as providing "scant authority" for deciding against such a right. This argument lacks merit given the Sixth Circuit's extended historical survey of the degree to which "political branch proceedings," like the immigration hearings at issue here, actually *limited* access to the public.  N. Jersey Media Group, Inc., 308 F.3d at 209-12.  Relying on the First Amendment standards for public access to criminal trials articulated in Richmond Newspapers, Inc. v. Commonwealth of Virginia, 448 U.S. 555 (1980), the Sixth Circuit correctly held that – given the absence of an "unbroken, uncontradicted history" of open administrative hearings,

9

and the fact that any "current presumption" regarding open removal hearings lacked a significant "pedigree or uniformity" – there is no unfettered right of access to immigration hearings.  <u>See</u> Fed Dfs' Motion at 16-18 (citing <u>N. Jersey Media Group, Inc.</u>, 308 F.3d at 12).

While regulations exist that provide the public a degree of open access to removal hearings, this access is balanced by important qualifications to protect certain aliens.  <u>See</u> 8 C.F.R. §§ 1003.27, 1208.6.  Moreover, these regulations are ultimately tempered by sound decisions such as that in <u>N. Jersey Media Group, Inc.</u>, 308 F.3d 198.  Contrastingly, Plaintiff's position is zero-sum.  It overlooks this balance, instead opting for a system of full access that – if Plaintiff's requested injunctive relief goes forward – will completely eviscerate the protections currently in place for aliens.  Keeping this lack of balance in mind, Plaintiff is unlikely to succeed on the merits of her First Amendment claim, and this Court thus should dismiss Plaintiff's First Amendment allegations for failure to state a claim.

     *(iii)  Fourth Amendment claims are unlikely to succeed on the merits*

10

Plaintiff yet fails to substantiate her Fourth Amendment claims and indeed cannot do so.[7] Federal Defendants devoted significant attention to explaining why Plaintiff's seizure allegations lacked merit and the legal basis for Federal Defendants' position. See Fed Dfs' Motion at 21-23. Because Plaintiff has provided no substantive response to this argument,[8] Federal Defendants provide no further briefing on this point.

### (iv)  Fifth Amendment claims are unlikely to succeed on the merits

Plaintiff does not remedy the weight of authority against her Fifth Amendment claims. As Federal Defendants outlined in their motion, in the

---

[7]In an effort to circumvent the mandatory exhaustion requirements set forth in the Federal Tort Claims Act, Plaintiff seems to argue that her allegations related to false imprisonment, assault, and battery are appropriately characterized as a seizure in violation of the Fourth Amendment. Opp'n at 29. Plaintiff's attempt to avoid the mandatory exhaustion requirements for these common law claims by disguising these claims as a constitutional tort should be rejected. See, e.g. Daniels v. Williams, 474 U.S. 327, 332 (1986)("Our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society"); see also Brower v. Inyo County, 489 U.S. 593, 596 (1989)(only intentional conduct rises to the level of a seizure under the Fourth Amendment).

[8] Local Rule 7.1 provides that a claimant must support their allegations through citation to supporting authority. Here, Plaintiff does not meet this standard.

11

context of hearings like those Plaintiff sought to attend, courts focus their

discussion – not upon the rights of those who, as *non-parties* to the respective

hearing, merely seek attendance at the hearing – but instead upon the due process

rights of *parties to the hearing* seeking audience before the adjudicating body

deciding their case.  <u>See</u> Fed Dfs' Motion at 24-25.  Because Plaintiff has provided

no substantive response to this argument,[9] Federal Defendants provide no further

briefing on this point.

### 2. Plaintiff does not show she will suffer irreparable injury – or *any* injury – if the injunction does not issue.

Federal Defendants reiterate their arguments above detailing why Federal

Defendants have not acted unconstitutionally and why, in light of this, Plaintiff

has not suffered a constitutional injury.  As outlined in Federal Defendants'

motion to dismiss, given that Plaintiff has suffered no actionable injury as a result

of  Federal Defendants' past actions, she will not suffer irreparable injury if the

injunction does not issue.  <u>See</u> Fed Dfs' Motion at 25-26.  There is no First

Amendment right of access to immigration hearings, no Fourth Amendment

seizure occurred here, and Plaintiff has no Fifth Amendment due process right as

---

[9]  With respect to Plaintiff's omission of a substantive response to this argument, Federal Defendants reiterate their argument in footnote 8 above.

regards matters that come before immigration judges.  Plaintiff accordingly does

not meet the irreparable injury requirement for injunctive relief.

### 3. Plaintiff fatally omits any discussion of potential injury to Federal Defendants should the injunction issue.

Federal Defendants devoted significant attention to explaining what specific

injury they would suffer should the injunction issue – it would require Judge

Cassidy and immigration courts to contravene regulations and would extend

public access beyond that required by federal courts.  <u>See</u> Fed Dfs' Motion at 26-

27.  Plaintiff offers no response to impugn this argument and accordingly does not

meet this requirement for injunctive relief,[10] and Federal Defendants thus devote

no further briefing on this point.

### 4. Plaintiff fatally omits any discussion of whether issuance of the injunction would adversely affect the public interest.

Federal Defendants devoted significant attention to explaining how issuance

of the injunction would adversely affect the public interest.  <u>See</u> Fed Dfs' Motion

at 27-28.  Plaintiff offers no response to impugn this argument and accordingly

---

[10]  <u>See</u> footnote 8 above.

does not meet this requirement for injunctive relief,[11] and Federal Defendants thus devote no further briefing on this point.

### B.  Plaintiff's requested injunctive relief is impermissible

Responding to Federal Defendants' argument that Plaintiff seeks an "obey the law" injunction found impermissible by controlling precedent, see Fed Dfs' Motion at 28-30 (citing Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999); Payne v. Travenol Laboratories, Inc., 565 F.2d 895, 898 (5th Cir. 1978)), Plaintiff's Opposition redefines the nature of the relief she seeks as compared to that outlined in her Complaint.  Specifically, Plaintiff narrows the application of the injunction she requests.  Where, in the Complaint Plaintiff requests an "injunction granting Plaintiff, the public, and the press open access to the immigration hearings in Judge Cassidy's court," Compl. at 44, she now argues that the injunction would apply not to the *entire public*, but instead only to *Plaintiff*.  See Opp'n at 11 ("[A]n order that Plaintiff be allowed access to Mr. Cassidy's courtroom, and that Plaintiff not be subjected again to physical removal, is far different from an order to a defendant to 'stop discriminating.'").  Here, Plaintiff impermissibly expands her allegations beyond her Complaint.

---

[11]  See footnote 8 above.

14

Plaintiff's pivoting on this issue aside, she has not provided a cogent explanation of how, given controlling precedent, see Burton, 178 F.3d at 1201; Payne, 565 F.2d at 898, the specific injunction she requests can possibly issue. In fact, it cannot issue for two reasons. First, as Federal Defendants outlined in their dispositive motion, and although important exceptions apply, see Fed Dfs' Motion at 16-20, immigration hearings already are open to the public; the access Plaintiff seeks is currently provided by law, id. at 29-30. Second, and relatedly, the injunction resulting from the specific relief Plaintiff requests would constitute an "obey the law" mandate – which Federal Defendants have also argued against on the same basis in their motion. Id. at 28-30. Plaintiff fails to these arguments.

Rather than addressing the Complaint before this Court and defending that Complaint against arguments Federal Defendants outlined in their motion to dismiss, Plaintiff inappropriately attempts – through her pleadings – to narrow the scope of the relief her Complaint seeks. The fact remains, however, that the *actual injunctive relief Plaintiff requests in the Complaint* is impermissible. If the Court does not dismiss the Complaint for lack of jurisdiction, it thus should dismiss the Complaint for failure to state a claim given that this Court cannot issue the type of relief Plaintiff requests.

15

Respectfully submitted this 18th day of October, 2012.

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

 /s/ *Aileen Bell Hughes*
AILEEN BELL HUGHES
ASSISTANT U.S. ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30335
(404) 581-6133
Georgia Bar No. 375505

STUART F. DELERY
Acting Assistant Attorney General
DAVID J. KLINE
Director, District Court Section
Office of Immigration Litigation
VICTOR M. LAWRENCE
Assistant Director

/s/ *Christopher W. Hollis*
CHRISTOPHER W. HOLLIS,
Trial Attorney, ILBN 6283101
Office of Immigration Litigation
District Court Section
U.S. Department of Justice
PO Box 868 Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 305-0899; Fax: 616-8962

## **CERTIFICATE OF COMPLIANCE**

I certify that the document to which this certificate is attached has been

prepared with one of the font and point selections approved by the Court in LR

5.1B for documents prepared by computer.

_/s/ Aileen Bell Hughes_
AILEEN BELL HUGHES
ASSISTANT U.S. ATTORNEY

17

## **CERTIFICATE OF SERVICE**

I certify that this 18th day of October, 2012, I have filed electronically via

the Court's CM/ECF system FEDERAL DEFENDANTS' REPLY IN SUPPORT

OF THEIR MOTION TO DISMISS, including serving a copy upon the following

persons via the Court's CM/ECF system:

> Keith Hasson
> Federal & Hasson, LLP
> Two Ravinia Drive, Ste 1776
> Atlanta, GA 30346
> (678) 443-4044; Fax: 443-4081
> keith@federalhasson.com
>
> Robert Keegan Federal , Jr.
> Federal & Hasson, LLP
> Two Ravinia Drive, Ste 1776
> Atlanta, GA 30346
> (678) 443-4044; Fax: 443-4081
> keegan@federalhasson.com

>  /s/ *Aileen Bell Hughes*
> AILEEN BELL HUGHES
> ASSISTANT U.S. ATTORNEY

18